FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
6/16/2026 1:14 PM
KATHLEEN VIGIL CLERK OF THE COURT
Bryanna A Collazo

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

KIMBERLY CORDOVA, as Guardian
and Best Friend of PAYTON CHAVEZ, a minor,

        Plaintiff,

v.

STATE OF NEW MEXICO CHILDREN, YOUTH
AND FAMILIES DEPARTMENT; SERENITY
MESA RECOVERY CENTER, INC.;
JOHN DOES 1-10; and JANE DOES 1-10,

        Defendants.

D-101-CV-2026-01688

Case assigned to Sanchez-Gagne, Maria

---

## COMPLAINT FOR DAMAGES

---

Plaintiff Kimberly Cordova, as guardian and best friend of Payton Chavez, by and through Jason Bowles of Bowles Law Firm, and submits her complaint for damages and alleges as follows:

### I.    Parties

1.    Plaintiff Kimberly Cordova is the mother, guardian, and best friend of Payton Chavez, a minor.

2.    At all relevant times, Payton Chavez was a minor child who had been placed in the custody, supervision, care, or control of the New Mexico Children, Youth and Families Department ("CYFD").

3.    Defendant State of New Mexico Children, Youth and Families Department ("CYFD") is a public body of the State of New Mexico and may be served through its Cabinet Secretary at 1120 Paseo de Peralta, Santa Fe, New Mexico 87502.

Exhibit A

4.      Defendant Serenity Mesa Recovery Center, Inc. ("Serenity Mesa") is, on information and belief, a New Mexico entity doing business in Bernalillo County and operating a congregate youth placement or treatment facility at 3701 Condershire Drive SW, Albuquerque, New Mexico 87121.

5.      The true names and capacities of Defendants John Does 1-10 and Jane Does 1-10 are presently unknown. Plaintiff will amend this Complaint when their identities become known.

## II.      Jurisdiction and Venue

6.      This Court has subject matter jurisdiction over this action pursuant to Article VI of the New Mexico Constitution and applicable New Mexico statutes.

7.      Venue is proper in Santa Fe County because CYFD is a state agency headquartered in Santa Fe County, the administrative head of CYFD is located in Santa Fe County, and claims against the State of New Mexico and its departments may be brought there.

8.      Plaintiff has provided written notice under the New Mexico Tort Claims Act on June 2, 2026, to the New Mexico Risk Management Division and to CYFD's administrative head, among others, describing the time, place, and circumstances of the injuries at issue.

9.      To the extent required, Plaintiff has also preserved claims under the New Mexico Civil Rights Act through the written notice described in the June 2, 2026 notice letter.

10.     This action is timely filed under all applicable statutes of limitation and notice provisions, including any tolling applicable to a minor.

## III.     General Allegations

11.     CYFD took custody of Payton Chavez and assumed duties of reasonable care, protection, supervision, placement, and access to necessary services, including education and safe shelter.

Exhibit A

12.    Prior to the May 22, 2026 incident described below, Payton had already been sexually harassed and sexually assaulted while in CYFD custody, placing CYFD and its placement providers on notice that she was particularly vulnerable and required heightened protection, trauma-informed supervision, and safe placement.

13.    While in CYFD custody, Payton was hindered in and denied access to schooling and educational continuity, causing academic harm and further emotional distress.

14.    While in CYFD custody, Payton was also physically harmed on prior occasions, and Defendants failed to protect her from ongoing danger.

15.    On or about May 22, 2026, at approximately 1:20 a.m., while Payton was residing at Serenity Mesa in Albuquerque and reportedly under CYFD custody, supervision, placement, or authority, a male entered the female bunk area and physically and sexually assaulted her.

16.    Earlier that evening, an adult reportedly brought alcohol onto the premises and provided alcohol to the assailant and other young males at the facility.

17.    Serenity Mesa personnel, CYFD personnel, and other responsible supervisory actors failed to properly monitor residents, failed to control access within the building and grounds, failed to prevent mixing or intrusion between living areas, failed to prevent or detect alcohol being brought into the facility, and failed to provide adequate supervision, security, staffing, classification, separation, protection, and intervention measures.

18.    The assault on Payton was foreseeable, particularly because Defendants knew or should have known of prior sexual victimization, prior safety failures, and the risks associated with inadequate supervision in congregate placements.

Exhibit A

19. During CYFD's custody of Payton, she also ran away from a shelter or placement home, and CYFD did not know her whereabouts for days. On information and belief, Kimberly Cordova—not CYFD—ultimately located Payton.

20. CYFD's inability to account for Payton's whereabouts for days while she was supposedly in state custody is evidence of inadequate monitoring, placement management, and child-safety practices.

21. The New Mexico Department of Justice publicly reported in April 2026 that New Mexico's child welfare system was "in crisis" and that its investigation into CYFD identified systemic failures that repeatedly placed children at risk of serious harm.

22. Public reporting on the April 2026 NMDOJ investigation states that the Department of Justice simultaneously filed suit against CYFD in the First Judicial District Court in Santa Fe after a yearlong investigation, alleging that CYFD used an overly broad interpretation of confidentiality laws to withhold records and maintain a "shroud of secrecy" over child abuse and neglect cases in which it failed to protect children.

23. The NMDOJ's public materials state that its investigation identified eight systemic failures in CYFD's execution of its child welfare responsibilities.

24. The April 2026 report and related public statements describe failures in leadership, investigations, and oversight, and they further indicate that those breakdowns repeatedly placed children at risk of serious harm.

25. On information and belief, the same broader systemic deficiencies identified by NMDOJ—including failures in oversight, protection, placement safety, transparency, and accountability—contributed to the harms suffered by Payton while in CYFD custody.

26.    As a direct and proximate result of Defendants' acts and omissions, Payton suffered bodily injury, pain and suffering, emotional distress, psychological trauma, humiliation, mental anguish, educational harm, medical expenses, counseling expenses, loss of enjoyment of life, and other damages.

### IV.    Count 1 – Negligence / Negligent Supervision and Protection

27.    Plaintiff incorporates the preceding paragraphs.

28.    Defendants owed Payton duties of reasonable care arising from custody, placement, supervision, assumed responsibilities, statutory obligations, and the special relationship created by state custody of a minor.

29.    Defendants breached those duties by failing to protect Payton from foreseeable sexual assault, harassment, physical harm, elopement risk, and educational deprivation; by failing to monitor her placement; by failing to maintain adequate staffing and security; and by failing to take reasonable protective measures after prior notice of danger.

30.    Defendants' negligence was a direct and proximate cause of Payton's injuries and damages.

### V.    Count 2 – Negligence Under NMTCA Premises / Building Waiver

31.    Plaintiff incorporates the preceding paragraphs.

32.    To the extent applicable, public employees acting within the scope of duty negligently operated or maintained buildings, sleeping areas, access controls, fixtures, security systems, and related premises at Serenity Mesa or other placement settings in a manner that created or permitted unsafe conditions for Payton.

33.    Public employees and persons acting on behalf of CYFD permitted dangerous conditions, including inadequate control over access between living quarters, inadequate

Exhibit A

monitoring of overnight safety, and inadequate prevention of unauthorized alcohol and male intrusion into female sleeping areas.

34. Immunity is waived to the full extent permitted by the New Mexico Tort Claims Act, including any waiver applicable to the operation or maintenance of buildings, public premises, machinery, equipment, or furnishings.

### VI. Count 3 – Negligent Placement / Retention / Failure to Protect a Minor in State Custody

35. Plaintiff incorporates the preceding paragraphs.

36. CYFD and its agents negligently placed, retained, or continued Payton in unsafe facilities and environments despite actual or constructive notice of prior victimization, heightened vulnerability, and ongoing safety risks.

37. CYFD and its agents failed to use reasonable care in selecting, supervising, retaining, auditing, and monitoring facilities, contractors, foster placements, congregate placements, and personnel entrusted with Payton's care.

38. CYFD and its agents further failed to timely respond to Payton's disappearance from placement and failed to maintain appropriate knowledge of her whereabouts while she remained in state custody.

39. Those acts and omissions were a direct and proximate cause of Plaintiff's damages.

### VII. Count 4 – New Mexico Civil Rights Act

40. Plaintiff incorporates the preceding paragraphs.

41. CYFD, as a public body, acting through public employees and other persons acting on its behalf and under color of state authority, deprived Payton of rights, privileges, and immunities secured by the New Mexico Constitution.

Exhibit A

42.     These deprivations include, without limitation, bodily integrity, personal security, due process, equal protection, access to public education as protected by New Mexico law, and freedom from arbitrary and dangerous treatment while in state custody.

43.     The acts and omissions described herein were intentional, reckless, deliberately indifferent, or otherwise actionable under the New Mexico Civil Rights Act.

44.     As a result, Plaintiff seeks all damages, fees, costs, and other relief available under the New Mexico Civil Rights Act against the responsible public body or public bodies.

## VIII.    Count 5 – 42 U.S.C. § 1983 – Substantive Due Process / State-Created Danger / Special Relationship

45.     Plaintiff incorporates the preceding paragraphs.

46.     At all relevant times, Payton was in state custody or otherwise subject to a special relationship with state actors, giving rise to constitutional duties to provide reasonable safety, protection, and minimally adequate care.

47.     Defendants acting under color of state law were deliberately indifferent to known and obvious risks to Payton's safety, bodily integrity, educational access, and well-being.

48.     Defendants' conduct, customs, policies, failures to train, failures to supervise, and failures to intervene deprived Payton of rights secured by the United States Constitution, including rights protected by the Fourteenth Amendment.

49.     Plaintiff seeks compensatory damages, punitive damages where legally available against non-immune individual defendants, attorney fees under 42 U.S.C. § 1988, and all other appropriate relief.

## IX.    Count 6 – Negligence Per Se / Statutory Violations

50.     Plaintiff incorporates the preceding paragraphs.

Exhibit A

51.    Defendants violated statutes, regulations, licensing requirements, placement standards, child welfare obligations, and mandatory duties designed to protect children in custody, including duties relating to supervision, reporting, safety, education, and protection from abuse.

52.    Those statutory and regulatory violations constitute evidence of negligence and/or negligence per se to the extent recognized under New Mexico law.

X.    Count 7 – Loss of Consortium / Expenses on Behalf of Minor

53.    Plaintiff incorporates the preceding paragraphs.

54.    Kimberly Cordova has incurred and will continue to incur expenses and losses arising from the injuries to her minor child, including costs of care, treatment, counseling, travel, and related out-of-pocket losses, and asserts any derivative claims recognized by New Mexico law.

XI.    Damages

55.    Plaintiff seeks all damages allowed by law, including:

- Past and future physical pain and suffering;

- Past and future emotional distress and psychological harm;

- Medical, counseling, therapy, and related expenses;

- Educational damages and loss of educational opportunity;

- Loss of enjoyment of life;

- Out-of-pocket expenses and incidental losses;

- Punitive damages where permitted by law;

- Attorney fees and costs where authorized by statute or other law; and

- Pre- and post-judgment interest as allowed by law.

Exhibit A

## XII.    Prayer for Relief

WHEREFORE, Plaintiff respectfully requests judgment against Defendants, jointly and severally where permitted by law, and requests:

A.    Compensatory damages in an amount to be determined by the jury;

B.    Punitive damages where legally recoverable;

C.    Attorney fees, costs, and expenses as authorized by law;

D.    Pre-judgment and post-judgment interest;

E.    Such declaratory or equitable relief as may be appropriate; and

F.    Such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Jason Bowles*
Jason Bowles
Bowles Law Firm
4811 Hardware Drive, N.E., Bldg D, Suite 5
Albuquerque, N.M.  87109
Telephone: (505) 217-2680
Fax: (505) 217-2681
Email: jason@bowles-lawfirm.com